```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NORTH DAKOTA
                NORTHEASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | REPORT AND RECOMMENDATION |
| V. ) | |
| ) | CASE NO. 2:04-cr-03 |
| DANIEL P. AZURE ) | |

A petition, filed January 23, 2007, alleges Daniel Azure violated certain conditions of his supervised release. The petition was referred to this Court for hearing, and for preparation of this Report and Recommendation. This Court conducted a hearing on April 9, 2007. Based on evidence presented, this Court recommends that the District Judge find Mr. Azure violated conditions of supervision, that his supervised release be revoked, and that he be ordered to serve 24 months in custody.

## FACTS

On October 14, 2004, Mr. Azure was sentenced to six months of imprisonment, followed by two years of supervised release, after a guilty plea to a charge of assault on a federal officer. Because of credit for time in custody prior to sentencing, Mr. Azure began the term of supervised release on the date of sentencing. However, Mr. Azure immediately went into state custody because of an outstanding warrant. Mr. Azure was released from state custody on November 4, 2004. Within a few weeks, he was subject to a petition alleging failure to follow conditions of release, and on January 6,

1

2005, Mr. Azure was ordered to live at Spirit Lake Wiconi and to complete chemical dependency treatment.

Mr. Azure remained at Wiconi until February 18, 2005, and completed outpatient treatment while there.  From that date until his arrest on a second petition on March 16, 2005, he had no contact with the supervising probation officer.  As a result of that second petition, supervised release conditions were modified, with a review hearing to be conducted 90 days after his April 8, 2005 appearance before the District Judge.

Before the scheduled review hearing was held, there was a third petition filed against Mr. Azure.  As a result of the third petition, on July 13, 2005, his supervised release was revoked, and Mr. Azure was ordered to serve 120 days in custody, followed by eighteen months of supervised release.

The second term of supervised release began September 9, 2005.  Within a month of that date, Mr. Azure was charged with two tribal offenses (public intoxication and domestic assault), and with a state crime of robbery.  He was found guilty of the robbery charge, and on June 6, 2006, he was sentenced to serve three years, with two years suspended, in the state penitentiary.  He completed the state sentence on March 21, 2007, and came into federal custody on that date as a result of the petition now under consideration.

The current petition alleges conviction of the state crime described above, as well as a December 31, 2005 tribal arrest for

public intoxication. However, at the hearing, the government withdrew the allegation concerning the public intoxication charge.

Mr. Azure, through counsel, proferred evidence that Mr. Azure's participation in the robbery incident did not involve actually striking the victim of the offense. However, Mr. Azure did not question the violation being classified as Grade A, which includes crimes of violence, rather than as Grade B, which includes "other" felony offenses. Following the hearing, the supervising probation officer submitted police reports that are inconsistent with the proferred evidence; those reports describe a violent and reprehensible offense. The supervising officer also advises the Court that Mr. Azure was arrested for an alcohol-related tribal offense just three days before the June 6th state court conviction.

Mr. Azure remains in custody pending a decision on the petition, pursuant to an Order of March 27, 2007.

## **PARTIES' POSITIONS ON DISPOSITION**

The government asks that supervised release be revoked, and that Mr. Azure be ordered to complete 24 months in custody, with no additional period of supervised release. The government asks that the supervised release term (which was due to end on March 8, 2007, be tolled from the date of the state court conviction (June 6, 2006) until he completed his state sentence on March 17th.

Mr. Azure, recognizing that custody will likely be ordered, requests that the term of custody be nine months, which would be

equivalent to the time he had remaining on his supervised release term at the time of the robbery conviction.  Further, he asserts that his conduct does not justify the maximum revocation sentence allowed pursuant to 18 U.S.C. § 3583(e)(3).  (Under section 3583(e)(3), the maximum revocation sentence when the underlying offense was a Class C or D felony is two years).  Mr. Azure asserts that he will continue to be subject to probation under the state system, that he has made good faith efforts to deal with his severe alcohol problem and recognizes his need to further address that problem, and that he will lose the opportunity to parent his young child if he is placed in custody for an extended period of time.

## **POLICY STATEMENTS OF SENTENCING GUIDELINES**

At the time of imposition of sentence, Mr. Azure was in Criminal History VI, and the violation at issue is of Grade A.  The policy statements of the guidelines, U.S.S.G. § 7B1.4, advise a range of imprisonment of 33 to 41 months under those circumstances.

## **DISCUSSION**

Pursuant to 18 U.S.C. § 3624(e), the term of supervised release is tolled during imprisonment for any period more than 30 consecutive days.  Even absent the tolling, 18 U.S.C. § 3583(I) extends the time for revocation proceedings "for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."

4

A sentence imposed after revocation of supervised release is subject to review for unreasonableness under <u>United States v. Booker</u>, 543 U.S. 220 (2005).  The policy statements of Chapter 7 of the United States Sentencing Guidelines, along with the factors set forth in 18 U.S.C. § 3553(a), must be considered in determining a sentence upon revocation, <u>United States v. Synowiecki</u>, 2007 WL 623777 (8th Cir. Mar. 2, 2007).  A history of supervised release violations and "flouting of authority" is appropriately considered in determining a revocation sentence.  <u>Id</u>.

Mr. Azure has done very little to comply with terms of his supervised release, as evidenced by the repeated petitions and repeated violations following modifications of terms of supervised release.  He has demonstrated that he is not amenable to supervision, and his supervised release should be revoked.

Considering Mr. Azure's history of very poor performance under supervision, the 24 month sentence which the government seeks is reasonable.

## RECOMMENDATION

This Court recommends that the District Judge find that Mr. Azure violated conditions of supervised release by committing the state crime of robbery.  This Court further recommends that Mr. Azure's supervised release be revoked, and that he be ordered to serve 24 months in custody.

## OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommendation within ten days after being served with a copy of this Report and Recommendation.  If the parties do not object to the proposed findings and recommendations, they should promptly advise the Clerk's Office, so that the matter may be considered by the District Judge before the ten day period ends.

Dated this 19th day of April, 2007.

*/s/ Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge