IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>Daniel P. Azure, )<br>)<br>Defendant. ) | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Criminal File No. 2:04-cr-03 |

Before this Court is the report and recommendation of Magistrate Judge Alice R. Senechal (doc. #82) which recommends the imposition of a 24 month sentence of imprisonment against the Defendant, Daniel Azure, for violating the terms of his supervision. The Defendant has made a timely objection to this report and recommendation (doc. #84) and has additionally offered a supplemental objection (doc. #85) and supporting affidavit (doc. #86). The Court, upon review of the report, Defendant's submissions, and the applicable case law, finds Magistrate Judge Senechal's recommendation to be reasonable.

Defendant essentially has three objections. First, Defendant argues that Magistrate Judge's use of untimely submitted police reports violated his due process rights, insofar as he had no notice nor chance to respond to this evidence. Defendant secondly contends that his sentence is excessive based on the fact that the underlying offense was relatively minor, and that the Magistrate Judge's recommended sentence would result in a sentence disparity between Azure and his co-defendant. Lastly, Defendant objects to Magistrate Judge Senechal's finding that Defendant has done very little to comply with the terms of his supervised release. The Court addresses each argument in turn.

A sentence imposed following a revocation of supervised release must be reasonable. United States v. Booker, 543 U.S. 220 (2005). When considering a sentence upon revocation, a court must consider the policy statements of Chapter 7 of the United States Sentencing

Guidelines and the sentencing factors under 18 U.S.C. § 3553.  The Federal Rules of Evidence expressly state that they are not to be applied in the context of a revocation hearing.  See Fed. R. Evid. 1101(d)(3).  Defendants in such proceedings, however, enjoy the traditional protections of due process.  United States v. Redd, 318 F.3d 778 (8th Cir. 2003).  These protections include, inter alia, disclosure of the evidence against the Defendant and an opportunity to respond to such evidence.  Morrissey v. Brewster, 408 U.S. 471, 489 (1972).  Defendant objects to a police report that was not submitted in a timely fashion and therefore did not provide Defendant the opportunity to provide rebuttal.

     At the outset, the Court notes that Defendant was not completely unaware that the police reports would be introduced.  The minutes of the April 9, 2007 revocation hearing indicate that the Magistrate Judge specifically requested more information about the state robbery crime.  Such a request was made in open count, in front of Defendant and counsel.  Moreover, the Defendant has subsequently obtained and reviewed the police report in question.  He rebuts the substance of the report, and further states that the report, which indicates that Defendant struck the victim during the underlying robbery, is based on statements given to investigators by James Greywater and that these statement were later contradicted in an interview Greywater gave to the Defendant's investigator Robert Siddall.  According to Siddall's affidavit, Mr. Greywater now states that Azure did not kick or punch the robbery victim, and did not steal any property or jewelry from the victim.

     Assuming the Defendant's version of the facts are true, and giving no weight to the challenged police report, the recommended sentence would still be proper.  A sentence of 24 months is reasonable in light of Defendant's state and his extensive history of violating the terms of his supervised release.  The facts attendant to the state robbery conviction are of limited

importance to this Court's determination of the proper sentence to impose.  In the view of this Court, the fact that Defendant was convicted of the crime of robbery is alone sufficient to render the sentence reasonable.  In short, the resolution of whether Defendant kicked, punched, or stole from the victim is immaterial to this Court's determination of the proper sentence; this Court is merely concerned whether he was convicted of a violent felony, which would result in yet another violation of the terms of his supervised release.

Further, while the Defendant is correct in noting that sentencing disparities between similarly situated defendants contravenes the language of 18 U.S.C. 3553(a)(6), this Court disagrees with the characterization that Azure was, or is, similarly situated to his co-defendant.  Both defendants received a sentence of nine-months of incarceration on the state robbery charge.  The present 24-month recommendation, however, is not only a product of the underlying charge, but is also based on Defendant's persistent inability to abide by the terms of his supervised release.  Additionally, the Magistrate Judge's findings that Defendant has "done little to comply with the terms of his supervised release," and that Azure is "not amenable to supervision," is supported by record.  The Defendant has demonstrated that he is only able to comply with the terms of his supervision in roughly month-long increments.  Indeed, Defendant has been almost continually noncompliant since supervised release was first imposed.  Defendant's demonstrated history of "flouting of authority" may properly may be considered when fashioning the proper revocation sentence.  <u>United States v. Synowiecki</u>, U.S. App. LEXIS 5089 (8th Cir. Mar. 2, 2007).  Section 7B1.4 of the Sentencing Guidelines advises a term of imprisonment of 33 to 41 months for instances where, like here, the Defendant is in criminal history category VI and the underlying offense is a Grade A violation.  Thus, the Magistrate Judge's recommendation of 24 months is not excessive given the Defendant's history and the circumstances of the offense.

The Court, upon review of the record, pleadings, and affidavits filed, finds that the Defendant violated the terms of his supervised release as evidenced by his conviction for robbery. Defendant's supervised release is hereby revoked and he is ordered to serve 24 months in custody. The Court adopts the Magistrate Judge's report and recommendation in its entirety.

**IT IS SO ORDERED**.

Dated this 21th day of May, 2007

/s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court